UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

ADRIAN WATKINS, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:22-cv-642-TJC-MCR
)
EXPERIAN INFORMATION SOLUTIONS )
INC, EQUIFAX INC, and TRANSUNION LLC ) Complaint and Demand for
) Jury Trial
    Defendants. )
)

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ADRIAN WATKINS as and for his Complaint respectfully alleges as follows:

### I. INTRODUCTION

1. This is a civil action by Plaintiff, an individual consumer, seeking actual, statutory and punitive money damages against Defendants EXPERIAN INFORMATION SOLUTIONS ("Experian"), EQUIFAX INC ("Equifax") and TRANSUNION LLC ("Transunion") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants transact business in the city Jacksonville, Duval County, Florida, and the conduct complained of occurred in Jacksonville, Florida.

1

### III. PARTIES

3. Plaintiff is a natural person residing in Jacksonville, Duval County, Florida.

4. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

5. Upon information and belief, Defendant Experian is an Ohio corporation duly authorized and qualified to do business in the State of Florida.

6. Upon information and belief, Defendant Equifax is a Georgia corporation duly authorized and qualified to do business in the State of Florida.

7. Upon information and belief, Defendant Transunion is an Illinois corporation duly authorized and qualified to do business in the State of Florida.

### IV. FACTS OF THE COMPLAINT

8. In approximately December 2021, Plaintiff obtained a copy of his consumer report and discovered incomplete, inaccurate, unverifiable, false information as follows:

   Barclays Bank Delaware, Account No. 00305281*
   Capital One Bank, Account No. 517805*
   Community First Credit Union, Account No. 133931*
   First Tech Credit Union, Account No. 513255*
   Suntrust Bank, Account No. 552393*
   Vystar Credit Union, Account No. 400519*
   Bankruptcy Chapter 7 2101433*
   JACKSONVILLE ELECTRI ACCOUNT NO. 954372XXXX*
   TRUIST BANK, ACCOUNT NO. 552393XXXXXXXXXX*
   VYSTAR CU, ACCOUNTT NO.107504XX*

2

9. Plaintiff disputed the tradelines with Defendant Experian by sending a written dispute via certified mail on January 11, 2022. Plaintiff disputed the tradelines with Equifax. Experian, Transunion by sending a written disputes on or around Jan 11th 2022, Jan 14th 2022, Jan 28th 2022, Feb 03rd 2022, Feb 15th, 2022, March 14, 2022. Plaintiff disputed the tradelines with Transunion by sending a written dispute on January 11, 2022. Plaintiff informed all Defendants that the tradelines were reporting inaccurately and that the accounts were unverified.

10. Upon information and belief, Defendants Experian, Equifax and Transunion sent a dispute to Barclays Bank Delaware, Capital One Bank, Community First Credit Union, First Tech Credit Union, Suntrust Bank, Truist Bank, Jacksonville Electric, Duval Courts and Vystar Credit Union providing all relevant disputed information.

11. Defendant Experian failed to reinvestigate the disputed tradelines in violation of the Fair Credit Reporting Act.

12. Defendant Equifax provided reinvestigation results to Plaintiff the disputed information on the following dates: January 15th 2022, February 24, 2022 and March 29, 2022.

13. Defendant Transunion provided reinvestigation results to Plaintiff the disputed information on the following dates: January 15, 2022; January 18, 2022; and a letter dated March 23, 2022.

14. As a result of the actions and inactions of all Defendants, Plaintiff suffered damages, including but not limited to, his FICO scores being lowered resulting in his being denied credit or being granted credit with a much higher interest rate, severe humiliation, emotional distress and mental anguish.

## V. FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681e(b)
### (Defendants Experian, Equifax and TransUnion)

15. Plaintiff re-alleges and incorporates by reference paragraphs 1-63 above.

16. Defendants Experian, Equifax and TransUnion violated 15 U.S.C. § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy of account information when preparing a consumer report purportedly concerning Plaintiff.

17. Defendants Experian, Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

18. At all times alleged herein, Defendants Experian, Equifax and TransUnion acted negligently and/or willfully.

19. Defendants Experian, Equifax and TransUnion are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## VI. SECOND CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(2)
### (Defendants Experian, Equifax and TransUnion)

20. Plaintiff re-alleges and incorporates by reference paragraphs 1-68 above.

21. Defendants Experian, Equifax and TransUnion have failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

22. Defendants Experian, Equifax and TransUnion have violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

23. Defendants Experian, Equifax and Trans Union have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

24. Defendants Experian, Equifax and TransUnion have done so either negligently or willfully.

25. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

26. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

### VII. THIRD CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(4)
### (Defendants Experian, Equifax and TransUnion)

27. Plaintiff re-alleges and incorporates by reference paragraphs 1-75 above.

28. Defendants Experian, Equifax and TransUnion have violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

29. Defendants Experian, Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

30. At all times alleged herein, Defendants Experian, Equifax and TransUnion acted negligently and/or willfully.

31. Defendants Experian, Equifax and TransUnion are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## VIII. FOURTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(5)
### (Defendants Experian, Equifax and TransUnion)

32. Plaintiff re-alleges and incorporates by reference paragraphs 1-80 above.

33. Defendants Experian, Equifax and TransUnion violated 15 U.S.C. §1681i(a)(5) because they (i) failed to reinvestigate the disputed tradelines on Plaintiff's consumer report, (ii) failed to find it to be inaccurate, and (iii) failed to promptly notify the original furnishers that the information was deleted from Defendants' file of Plaintiff.

34. Defendants Experian, Equifax and TransUnion violated 15 U.S.C. §1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

35. Defendants Experian, Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

36. At all times alleged herein, Defendants Experian, Equifax and TransUnion acted negligently and/or willfully.

37. Defendants Experian, Equifax and TransUnion are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

### IX. FIFTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(6)(B)(iii)
### (Defendants Experian, Equifax and TransUnion)

38. Plaintiff re-alleges and incorporates by reference paragraphs 1-86 above.

39. Defendants Experian, Equifax and TransUnion have violated 15 U.S.C. § 1681i(a)(6)(B)(iii) in that they failed to have a procedure to prevent giving false information upon re-investigation.

40. Defendants Experian, Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

41. At all times alleged herein, Defendants Experian, Equifax and TransUnion acted negligently and/or willfully.

42. Defendants Experian, Equifax and TransUnion are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

### X. SIXTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(7)
### (Defendants Experian, Equifax and TransUnion)

43. Plaintiff re-alleges, and incorporates by reference, paragraphs 1-91 above.

44. Defendants Experian, Equifax and TransUnion have violated 15 U.S.C. §1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

45. Defendants Experian, Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

46. Defendants Experian, Equifax and Transunion acted negligently and/or willfully.

47. Defendants are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## XI.   JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a jury trial and entry of judgment in favor of Plaintiff and against all Defendants for:

A. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C. Costs and attorney's fees pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C § 1681o(b);

D. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: June 9, 2022          By: _____

Adrian Watkins
1018BriarcreekRd
Jacksonville Fl 32225
Adrianw122@gmail.com
*PRO SE*